UNITED STATES of America ex rel. Richard Allen CLAPPER, Seaman, United States Navy, Service No. 1194659

v.

Admiral Kenneth VETH, Commanding Officer, United States Naval Base, Philadelphia, Pa.

Civ. A. No. 70–132.

United States District Court, E. D. Pennsylvania.

June 9, 1970.

Dante W. Renzulli, Jr., Philadelphia, Pa., for relator.

Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

BODY, District Judge.

Relator enlisted in the United States Navy and commenced his two year tour of active duty on July 10, 1967. On or about July 1, 1968 he was ordered to report to McGuire Air Force Base, New Jersey for transportation to the U.S.S. Independence (CV A–62). Thereafter relator was arrested on December 23, 1969 and formally charged with violation of 10 U.S.C. § 886 (unauthorized absence). Pending the convention of a naval court-martial, relator was detained at the Philadelphia Naval Station in an "arrest" status from December 24, 1969 until January 16, 1970 and in a "hold" status from that date until approximately April 27, 1970. On or about the latter date, relator absented himself without leave from the Philadelphia Naval Station and his whereabouts are presently unknown.

Before the Court for consideration is relator's petition for a writ of habeas corpus, filed on January 9, 1970. He asserts therein that he is entitled to a release from active duty and that his detention by the naval authorities is therefore unlawful. Unmindful of relator's absence from the Philadelphia Naval

Station, the Court ordered that a hearing and argument in the above-captioned matter be held on June 3, 1970. Relator was not present at that hearing, nor was his counsel prepared to proceed in his absence. Rather, a continuance was orally requested and denied by the Court.

■■ A condition precedent to this Court's authority to grant habeas corpus relief herein is the requirement that relator be "in custody" within the meaning of 28 U.S.C. § 2241. Notwithstanding the expanding scope of that concept, it is clear that relator cannot bring himself within its present purview.[1] Moreover, his unavailability and lack of preparedness under the above circumstances render the petition frivolous and therefore subject to dismissal.

For the above reasons, relator's petition for a writ of habeas corpus will be denied.

---

1. See R. Sokol, Federal Habeas Corpus §. 6.1 (2d ed. 1969).